*375 OPINION.
Murdock:
The petitioner now claims no error in the Commissioner’s determination of deficiencies for 1920 and 1921, and these deficiencies are hereby approved.
The Commissioner erred in including the value of the bonds received in 1918 in his computation of the petitioner’s income for 1919. The Commissioner’s counsel never made his position clear either by oral statement or brief, but there is no theory of the case consistent with the facts which would justify this action of the Commissioner.
The petitioner contends, in regard to the profit from the sale made in 1919, that since he exchanged stock for the land in 1918, at which time the land had an alleged fair market value of $50 or $60 an acre, his profit in 1919 from the sale of part of the land so acquired was the difference between the sale price received and the fair market value of the land when acquired in 1918. He called a number of witnesses to testify as to the value of the land in question in 1918. Their qualifications were not questioned. These witnesses agreed that the fair market value of the land after the water was on it, was from $50 to $60 an acre. But the evidence shows that the water did not come on this land until May, 1918, whereas the petitioner acquired the land a month or two prior to that time. Thus, the evidence fails to show that the land was worth from $50 to $60 at the time the petitioner received it in exchange for his stock.
The evidence shows that the land was not nearly so valuable before the water came on as it was thereafter. One witness placed this lower value at from $10 to $15 an acre and thought that $10.50 was fair, while another thought $10.50 was a little low. Cross was to pay only $12 an acre when he contracted to buy from the Superior California Farm Lands Co., and was permitted to pay one-half in bonds of the vendor at par. We do not know the fair market value of these bonds. Cross, in turn, exchanged the land for stock which had no fair market value and which may even have been a liability instead of an asset. The burden of proving the proper value of the land was upon the petitioner, and in this state of the record we hold that, for the purpose of computing his 1919 profit, the fair market value of the land at the time he received it in exchange was $10 an acre. His profit in 1919 from the resale to Cross of 846.51 acres was $46,534.90 ($55,000 less $8,465.10). Paul A. Staley, 15 B. T. A. 625. Cf. Commissioner’s Regulations 45, art. 1564.
Reviewed by the Board.

Judgment will be entered under Rule 50.

Love dissents.